**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CURTIS E. SHIRLEY**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**FRANK J. AGOSTINO**
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP, OF JOHN S. ZAKROWSKI, | ) ) ) |
| MARSHA L. CUMMINS, | ) ) |
| Appellant-Defendant, | ) ) |
| vs. | ) No. 71A03-1105-GU-259 |
| THOMAS L. ZAKROWSKI, | ) ) ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
Cause No. 71J01-1011-GU-211

**February 23. 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Marsha Cummins appeals the trial court's denial of her application for permission to participate in the guardianship proceedings for John Zakrowski. We affirm.

**Issue**

Cummins raises one issue, which we restate as whether the trial court properly denied her request to participate in John's guardianship proceeding.[1]

**Facts**

John and Cummins were involved in a long term relationship, and apparently lived together on and off over the years. John owns property in Nashville. According to Cummins, they lived together in Nashville from 1978 to 1990 and from 1995 to 1999, she visited John regularly from 1999 to 2009, and they lived together from 2009 until he moved in 2010. In 1994, while he lived in Georgia, John gave Cummins a general power of attorney and named Cummins as the executrix of his will and as a beneficiary of a portion of his estate. Cummins has owned a home in Bloomington since 1999. She has used the Bloomington address on her driver's license since 1999, and property tax records indicate she receives a homestead exemption for that property.

On October 13, 2010, John's brother, Thomas Zakrowski, moved John from his home in Nashville to an assisted living facility in New Carlisle in St. Joseph County because John was suffering from dementia. On November 16, 2010, Thomas alleged

---

[1] In her reply brief, Cummins asserts, "When trial courts decide cases without evidence, it should apply the standard of review used for motions to dismiss; that is, consider all allegations in [Cummins's] pleadings as true." Appellant's Reply Br. p. 2. This assertion is not supported by citation to authority and is waived. See Ind. Appellate Rule 46(A)(8) (requiring each contention to be supported by citations to authorities, statutes, and the appendix or parts of the record relied on).

John was incapacitated and petitioned to be appointed as his guardian. On December 2, 2010, the trial court found John to be incapacitated and appointed Thomas as John's guardian, allowing him to provide care and supervision of John's property and person. On April 19, 2011, Cummins filed an application for permission to participate, a petition to substitute herself as John's guardian, and motion for change of venue from St. Joseph County to Brown County. Thomas filed an objection to Cummins's petition for substitution of guardian and her motion for change of venue.

On May 23, 2011, a hearing on was held. At the conclusion of the hearing, the trial court denied Cummins's application for permission to participate in the action. Because Cummins was not permitted to participate, the trial court did not address her motion for change of venue. Cummins now appeals.

**Analysis**

Cummins appears to argue that the trial court improperly denied her application to participate. Although Cummins provides no statutory analysis in her appellant's brief to support her argument, her application for permission to participate refers to Indiana Code Section 29-3-5-1(f), which provides:

> Any person may apply for permission to participate in the proceeding, and the court may grant the request with or without hearing upon determining that the best interest of the alleged incapacitated person or minor will be served by permitting the applicant's participation. The court may attach appropriate conditions to the permission to participate.

In her reply brief, Cummins agrees with Thomas that the trial court's decision should be reviewed for an abuse of discretion. See Ind. Code § 29-3-2-4(a) ("All findings, orders,

3

or other proceedings under this article shall be in the discretion of the court unless otherwise provided in this article."). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances presented." In re Guardianship of Atkins, 868 N.E.2d 878, 883 (Ind. Ct. App. 2007), trans. denied.

In her brief, Cummins largely relies on cases addressing the issue of standing on appeal, which Thomas does not challenge, and describes herself as John's "loving, long-term partner, attorney in fact, nominated executrix, and significant heir." Appellant's Br. p. 7. However, the trial court had before it medical documents describing the severity of John's health-related issues, documents indicating Cummins did not live with John, and Cummins's own assertions that she did not live with John from 1999 to 2009. These facts, taken with the fact that Cummins waited several months to file her application to participate in the proceeding, support the trial court's decision to deny her application. Without more, Cummins has not established that the trial court abused its discretion in denying her application to participate in the proceeding.

## Conclusion

Cummins has not established that the trial court abused its discretion in denying her application to participate in the proceeding. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.

4